IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIRK SINGLETON,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-1496-SPM |
| **CHAD JENNINGS, MEDICAL DIRECTOR,** and **DENTIST AT ROBINSON CORRECTIONAL CENTER,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGYLNN, District Judge:**

Plaintiff Dirk Singleton, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Singleton's Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim, but he was granted leave to file an amended pleading. On December 6, 2024, Singleton filed an Amended Complaint (Doc. 15). His Amended Complaint alleges that officials at Robinson Correctional Center failed to provide him with proper dental care.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] After filing his Complaint, Singleton was released from IDOC custody (Doc. 13).

1

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

There are a number of issues with Singleton's Amended Complaint. The Court dismissed Singleton's original pleading because he failed to provide enough factual allegations to state a claim (Doc. 14, p. 3). He failed to allege that any official was aware of his need for dental care (*Id*.). His Amended Complaint, however, simply adds what appears to be a cover letter to his Complaint with additional allegations and handwritten copies of institutional directives (Doc. 15, pp. 1-4).

His additional allegations, however, do not state a claim for relief. His additional allegations indicate that on January 18, 2024, he requested to have his tooth capped or removed (*Id*. at p. 1). He received a response from Nurse Ataraus, indicating that he would be called to the dental department when it was his turn (*Id*.). On January 23, 2024 he submitted another request asking for a cleaning and for his tooth to be removed (*Id*.). On January 31, 2024, Nurse Pearson responded that he would be added to the cleaning list. He alleges that he wrote several requests to the healthcare unit asking for treatment for his tooth with no results. But the nurses are not listed as defendants in the case caption, nor has he alleged that they acted with deliberate indifference. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

In fact, Singleton only lists Warden Jennings in the case caption (Doc. 15, p. 1). In his additional statement of claim, Singleton alleges that he spoke to Warden Jennings and Assistant Warden Lloyd when they were in his housing unit (*Id*.). He informed them of his problems and wrote grievances about his condition. Singleton alleges that they told him that the dental staff would get to him (*Id*.). He does not name Lloyd as a defendant. Further, the allegations do not suggest that either warden acted with deliberate indifference. They listened to his complaints and informed him that medical staff would get to him (*Id*.). He fails to allege that they acted with deliberate indifference to his need for dental care.

Singleton also alleges that he wrote grievances that were reviewed by the wardens, IDOC Director Latoya Hughes, and Administrative Review Board member Jeremy Bonnett (Doc. 15, pp. 1-2). He alleges that his grievances were denied (*Id*. at p. 2). But the simple denial or mishandling of a grievance fails to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). He also fails to identify Hughes and Bonnett as defendants.

Finally, Singleton hand-copied two IDOC directives, noting that the prison is required to ensure access to adequate healthcare (Doc. 15, p. 3). He also points to a directive regarding medical referrals, noting that he went several months without a referral for dental care (Doc. 15, p. 4). But the violation of a prison regulation does not amount to a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects inmates from constitutional violations, not violations of state laws,

3

prison regulations, or policies). Further, Singleton fails to allege that any named defendant denied him a medical referral for dental care.

Thus, Singleton again fails to state a claim. This is Singleton's second attempt to state a viable claim and he has been unable to do so. The Court finds that a further amendment would be futile. His Amended Complaint is **DISMISSED with prejudice**.

## Disposition

For the reasons stated above, Singleton's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Singleton's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Singleton is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Singleton wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Singleton does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Singleton may also incur another "strike." A

proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 21, 2025.**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
